**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SREANG SEA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 10-72139<br><br>Agency No. A097-868-066<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2014[**]
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Petitioner Sreang Sea, a native and citizen of Cambodia, petitions for review

of the Board of Immigration Appeals' order denying his application for asylum and

his application for cancellation of removal. We deny the petition for review.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA agreed with the Immigration Judge that Sea had abandoned his asylum application after he failed to meet a filing deadline. The IJ was well within her discretion to pretermit Sea's asylum application as having been abandoned under these circumstances. *See* 8 C.F.R. § 1003.31(c) ("The Immigration Judge may set . . . time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.").

Second, Sea argues that the IJ took an overly restrictive interpretation of "extreme cruelty" in 8 U.S.C. § 1229b(b)(2)(A)(i)(I) and thus erred in denying his application for cancellation of removal. The court reviews questions of law and statutory interpretation in immigration proceedings *de novo*. *Singh v. Holder*, 638 F.3d 1196, 1202–03 (9th Cir. 2011). Sea's evidence that he was subjected to extreme cruelty (his wife ignoring him, going out with other men, and making hurtful comments) paints a picture of marital misconduct and "unkindness," as the IJ held, but not of the "extreme cruelty" contemplated by the statute for purposes of cancellation of removal. *See Hernandez v. Ashcroft*, 345 F.3d 824, 840 (9th Cir. 2003) ("extreme cruelty" is not "mere unkindness" and must rather to rise to a level of an "extreme concept of domestic violence" in which a spouse engaged in

"manipulative tactics aimed at ensuring [his or her] dominance and control"). By failing to meet the threshold for extreme cruelty, Sea is ineligible for cancellation of removal. *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005).

The petition for review is **DENIED**.